[Civ. No. 5664. First Appellate District, Division One.—June 8, 1927.]

ROSE TRUITNER, by Her Guardian Ad Litem; J. L. TRUITNER, Respondent, v. CHARLES M. KNIGHT et al., Defendants; CLIFFORD TRUITNER, Appellant.

[1] NEGLIGENCE — DAMAGES — PERSONAL INJURIES — GUEST IN AUTOMOBILE—EVIDENCE.—The judgment in this case is affirmed upon the authority of *Truitner* v. *Knight, ante,* p. 655.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Affirmed.

The facts are substantially the same as in *Truitner* v. *Knight, ante,* p. 655.

Ford, Johnson & Bourquin and Carling & Cummings for Appellant.

G. L. Aynesworth for Respondent.

KNIGHT, J.—A judgment of affirmance has this day been rendered and filed by this court in the case of *J. L. Truitner and Alice Truitner, Plaintiffs,* v. *Charles M. Knight, H. K. Mahakian and Clifford Truitner, Defendants, ante,* p. 655 [257 Pac. 447], which was an action for damages arising out of a collision between two automobiles driven respectively by the defendants Truitner and Knight, the collision having occurred at the intersection of two highways in Fresno County on September 20, 1925. The instant action is also one for damages on account of personal injuries sustained by plaintiff in the same accident, plaintiff at the time being one of the occupants of the defendant Truitner's car. This action was tried subsequently before a different jury, and a verdict rendered against the defendants Truitner and Knight for the sum of one thousand dollars, judgment being entered accordingly. The defendant Truitner alone has appealed, and, as in the other appeal, contends as the single ground for reversal that the evidence is insufficient to support the verdict and judgment against appellant.

[1] The appeal comes before us on a separate transcript, but the facts being substantially the same as those upon

which the verdict and judgment in the other case are based, the parties have stipulated that the instant appeal be submitted for determination on the briefs filed in that case. Inasmuch as the judgment in that action has been affirmed, it follows that, upon the same grounds, the judgment in the present case must be affirmed; and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.